SAMUEL, Judge.
This is an action by Albert Joseph Cousin seeking a judgment of separation from his wife, Sally Fuerst Cousin, on the grounds of abandonment. Defendant answered, denying plaintiff’s abandonment allegations, and reconvened for a separation in her favor on the grounds of abandonment and cruel treatment.
After trial on the merits, judgment was rendered dismissing both plaintiff’s suit and defendant’s reconventional demand. Defendant has appealed and plaintiff has answered the appeal seeking a judgment of separation in his favor.
Plaintiff admitted he left the matrimonial domicile on February 20, 1974. The next day he was presented with a letter from an attorney acting on defendant’s behalf demanding, among other things, he refrain from entering the matrimonial domicile. Plaintiff testified he nevertheless attempted to return to the matrimonial domicile on several occasions, but his attempts were thwarted by the defendant who locked him out. Defendant denied plaintiff evér attempted to return to the matrimonial domicile.
The trial judge found plaintiff had abandoned defendant pursuant to Article 138(5) of the Louisiana Civil Code, but his exhibition of an intention to return to live with his spouse precluded her obtaining a judgment of separation against him.[1]
*137 The testimony offered by the parties with regard to plaintiff’s intention to return to the matrimonial domicile is conflicting and, particularly in view of the letter from defendant’s attorney, we agree with the trial court’s finding that plaintiff did attempt to return to live with his wife.[2]
Defendant testified regarding various instances of cruel treatment by plaintiff. She testified her husband told her he did not love her and she was fat and ugly. There is evidence that shortly before the alleged abandonment plaintiff told his wife and a next-door neighbor (who admitted she was old and curious) that he no longer wanted to live with defendant and that if she did not leave him, he would leave her. Other instances of alleged cruelty were related as inattention by plaintiff toward defendant in front of relatives and in-laws on a social visit to a local race track, belittling and uncomplementary remarks about defendant, such as criticism of her ability to cook, and absence of sexual intercourse between plaintiff and defendant for approximately four months prior to the abandonment.
Plaintiff, on the other hand, testified the defendant did not cook for him, did not maintain the household in a clean and orderly fashion, and provoked arguments with him. It is needless to say the facts in question are essentially denied by each side.
The trial court concluded that both parties were mutually at fault in causing the separation and neither was entitled to a judgment of separation. We concur in this finding. The evidence shows rather clearly the relationship between the parties deteriorated steadily from the inception of their marriage and establishes the type of fault on the part of each party representative of such a degenerating condition. There is an absence of a preponderance of fault on the part of one party sufficient to justify a judgment of separation in favor of the other.
For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

. See Civil Code Article 143, which provides: “Separation grounded on abandonment by one of the parties can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made to appear in the *137 manner hereafter directed; provided, however, that separation grounded on abandonment may be the object of a reconventional demand in any suit for separation from bed and board.” LSA-C.C. Art. 143.

. See Sciortino v. Sciortino, La.App., 188 So.2d 224.